## Case No. 17,201.

WARREN et al. v. TENTH NAT. BANK et al.

[9 Blatchf. 193.] [1]

Circuit Court, S. D. New York. Oct. 19, 1871.

BANKRUPT ACT—PETITION OF REVIEW.

Even if this court can, in a suit in equity, brought in the district court by an assignee in bankruptcy, to set aside an alleged preference averred to have been obtained in violation of the bankruptcy act of March 2d, 1867 (14 Stat. 517), review, before a final decree is made in the cause by the district court, an interlocutory order made by that court therein, such review can be had only by means of an appeal, under the eighth section of the act, and cannot be had by means of a petition of review under the second section of the act.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a suit in equity [by Richard Warren and Edward Rowe, assignees in bankruptcy] brought in the district court, to set aside an alleged preference, which it was averred had been obtained by the defendants the Tenth National Bank, in violation of the bankruptcy act, by means of a judgment and an execution against the bankrupts. The defendants moved, in the district court, for an order directing a trial by a jury of issues to be framed in the suit. That court denied the motion. [Case unreported.] The defendants then petitioned this court, before a final hearing of the cause in the district court, for a review by this court, and a reversal, of the order of the district court denying the motion for a trial of issues by a jury, claiming the exercise of such power of review under the second section of the bankruptcy act of March 2d, 1867 (14 Stat. 518).

Alexander Blumenstiel, for plaintiffs.
H. E. Tremain, for defendants.

THE COURT (WOODRUFF, Circuit Judge) dismissed the petition, on the ground that, even if this court could review, before a final decree had been made in the cause by the district court, an interlocutory order made by that court therein, the review could be had only by means of an appeal, under the eighth section of the bankruptcy act, and could not be had by means of a petition of review under the second section of said act.

[See Cases Nos. 17,200 and 17,202.]